**Willie B. HARDY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–00–00327–CR, 04–00–00328–CR.**

Court of Appeals of Texas,
San Antonio.

April 30, 2001.

Discretionary Review Refused
Oct. 10, 2001.

Alan Brown, Law Offices of Brown & Norton, Alex J. Scharff, Campion & Campion, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

Opinion by ALMA L. LÓPEZ, Justice.

In two separate cases, Willie Hardy pled guilty to two counts of theft of property valued at $1,500 or more and less than $20,000, and two counts of forgery, and he pled no contest to one count of theft of property valued at $20,000 or more and less than $100,000, and to one count of securing execution of a document by deception. Pursuant to a plea agreement, the trial court placed him on community supervision for five years. The State subsequently filed a motion to revoke community supervision, alleging that Hardy had intentionally and knowingly held himself out as a funeral director when he was not licensed to do so, a Class B misdemeanor. Hardy pled "not true" to the violation alleged. Following an evidentiary hearing, the trial court found the allegation in the motion to revoke to be true and sentenced Hardy to two years in a State Jail and four years confinement in prison, respectively.

Hardy appealed alleging that the trial court abused its discretion in finding that he had violated a condition of his community supervision. The State alleged one violation—that he intentionally and knowingly held himself out as a funeral director by entering into a funeral purchase agreement, by collecting funds for a funeral, and by signing a death certificate as a funeral director or person acting as such without being licensed by the Texas Funeral Service Commission. Hardy alleges that there is insufficient evidence to establish that he violated Chapter 651.602 of the Texas Occupation Code. That provision establishes a Class B misdemeanor violation when a person "acts or holds the person out as a funeral director, embalmer, or provisional license holder without being licensed under this chapter." TEX. OCCUPATION CODE ANN. § 651.602 (Vernon Pamph. 2001).

A funeral establishment is required to have sufficient licensed personnel to conduct its operations. *Id.* at § 651.351(e). To perform the functions of a funeral director in this state, one must obtain a license through the Texas Funeral Service Commission by meeting its requirements. *Id.* at § 651.251(a). Those functions include the acts associated with or arranging for the disposition of a dead human body, performed by a person for compensation, from the time of first call until either interment or entombment services are completed or the body is released for transport to a crematorium or a public carrier. *Id.* at § 651.001(5).

The State's main witness was the chief of the enforcement division of the Commission, Edward Kubicek, who testified that at the time in question Willie Hardy was neither a licensed funeral director or embalmer, and that his mortuary was not licensed by the commission. While conceding that an owner of a mortuary need not be a licensed funeral director, that owner may not engage in the collection of funds for a funeral, sign a death certificate as a funeral director or represent himself to be a funeral director. Other witnesses testified that Hardy collected a check from the deceased's trust account, endorsed the check for the mortuary, and sent the trustee, a nursing home administrator, a receipt with a cover letter on Hardy's Mortuary stationary, which he signed as "Owner and Director." Hardy also executed the funeral purchase agreement in the capacity of "licensed funeral director" and held himself out as such to the deceased's survivors.

Hardy argues on appeal that these activities do no more than show Hardy acted as an owner of a mortuary. We disagree. Hardy signed the death certificate, collected funds and signed the purchase agreement in the capacity of a fu-

neral director—acts he was not licensed to perform. We find no abuse of discretion on the part of the trial court in revoking his community supervision. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim.App.1981).

Appellant's sole issue in each appeal is overruled, and the orders of the trial court are affirmed.